A. M. WINSCOTT et al., Plaintiffs-Appellants, v. CASS CONSUMERS SERVICE, INC., et al., Defendants-Appellees.

(No. 12624;

Fourth District—December 18, 1975.

Robert L. Welch, of Beardstown, for appellants.

L. Milton McClure, of McClure, McClure & Brannan, of Beardstown, for appellees.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs brought action to enjoin defendants from maintaining a sign which encroached upon land owned by plaintiffs and used in the opera-

tion of a motel. They appeal from the order of the trial court denying an injunction. We reverse.

In 1954, plaintiffs acquired title to the following described real estate:

"A part of the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of Section Twenty-Four (24), Township Eighteen (18) North, Range Twelve (12) West of the Third Principal Meridian, described as follows: Commencing at a point four hundred sixty-six and seven-tenths (466.7) feet South of the Northeast corner of the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of Section Twenty-four (24) aforesaid, and running thence North fifty degrees thirty-four minutes West (N. 50° 34' W) three hundred thirty-two and eight-tenths (332.8) feet, thence South thirty degrees eight minutes West (S. 30° 08' W) four hundred (400) feet to the Northerly right of way line of U.S. Highway Number 67, thence South fifty-nine degrees twenty-two minutes East (S. 59° 22' E) along the Northerly right of way line of U.S. Highway Number 67 five hundred thirty (530) feet, thence North four hundred (400) feet to the place of beginning, containing four and twenty-four hundredths (4.24) acres, more or less; EXCEPT the following described real estate: Commencing at a point eight hundred sixty-six and seven-tenths (866.7) feet South of the Northeast corner of the Northwest Quarter (NW¼) of the Northwest Quarter (NW¼) of Section Twenty-four (24) aforesaid and running thence North fifty-nine degrees twenty-two minutes West (N. 59° 22' W) two hundred sixty (260) feet; thence North thirty degrees thirty-eight minutes East (N. 30° 38' E) two hundred (200) feet; thence South fifty-nine degrees twenty-two minutes East (S. 59° 22' E) one hundred forty-one and six-tenths (141.6) feet; then South two hundred thirty-two and four-tenths (232.4) feet to the place of beginning, containing ninety-two hundredths (0.92) acres more or less, situated in Cass County, Illinois."

Defendants own the land set out as the "exception" in the described parcel.

The issue is the correct determination of the location of the boundary forming the northwesterly side of defendants' land as it extends northeasterly from the highway for a distance of 200 feet.

Each party introduced into evidence plats prepared by a registered surveyor together with the testimony of the respective surveyors. The trial court was called upon to choose between the conflicting findings of such witnesses. Plaintiffs' survey indicated defendants' encroachment by approximately 11 feet.

We note initially that the land conveyed to each party is described in terms of a government survey of sections and quarter-sections. The plat introduced by plaintiffs was a survey of the land as described in the conveyance, *i.e.*, the plat included the boundary lines drawn both as to the land conveyed to plaintiffs and defendants' land which is bounded on two sides by the land of the plaintiffs. In contrast, defendants' plat only outlines the measurement of the parcel described in the "exception" in the description.

Plaintiffs' survey was begun by establishing the northeast corner of section 24 and measuring westerly to the northeast corner of the northwest quarter of the northwest quarter of section 24. This survey included locating the stone which was described as the northwest corner of section 19 whose western boundary formed the eastern boundary of section 24. In a large-scale survey prepared in 1965, the surveyors' predecessors had occasion to establish the northeast and northwest corners of section 24 as well as the northeast and the northwest corners of section 23 whose eastern boundary forms the western boundary of section 24. From such data the surveyors established the northeast corner of the northwest quarter of section 24 from which to mark measurements of the east line which is common to the two parcels. Such plat establishes lines which coincide with the description in the conveyances to both plaintiffs and defendants. The beginning point of defendants' parcel is as described 866.7 feet from the designated corner.

Plaintiffs also introduced into evidence a plat recorded in 1953 and prepared by one Dawson, now deceased. That plat showed the measurement of the north line of the northwest quarter of the northwest quarter as 1329.2 feet which plaintiffs' survey measured as 1329.7 feet. That plat measured the distance from the northeast corner described by deed and its measurements coincide with those shown on plaintiffs' plat.

Defendants' surveyor did not discover or refer to either the Dawson survey of plaintiffs' described parcel or the larger survey designated as the Mayer survey. He did find a recorded survey prepared in 1922 for a subdivision known as Fairview Heights. That land is described only as a part of the northeast quarter and a part of the southeast quarter in the northwest quarter of section 24. On the east side of such subdivision defendants' surveyor located a stone which he identified as marking the quarter corner from which he measured west 1320 feet. From the latter point he ran a line to the north and located portions of pipe marked on the Fairview plat. One such pipe was found 453.5 feet north of the line projected west from the stone. Such pipe appears upon the Fairview plat as the southeast corner of defendants' parcel. The Fairview Heights survey also indicated a pipe 867.2 feet north of the last described pipe. The

line between the pipes formed the respective east boundary of the land in issue and the west boundary of Fairview Heights.

Defendants' surveyor took the last described pipe as marking the northeast corner of the northwest quarter of the northwest quarter, and from such point he measured the boundaries of the defendants' land described in the "exception."

Defendants' plat shows a measurement from the "corner" established which cannot be reconciled with the dimensions described in the conveyances to either plaintiffs or defendants, or correlated with the other plats in evidence.

It is recalled that by description defendants parcel is to be measured beginning at a point 866.7 feet south of the "corner." Plaintiffs' parcel is to be measured from a point 466.7 feet south of such corner. By defendants' survey the measurement from the "corner" established is consistently 33 feet less than the measurements stated in the conveyances. The plat bears the notation "By description 866.7 feet actual 833.64 feet." Defendants' survey is inconsistent with the Fairview Heights plat from which defendants worked, which shows the distance from the "corner" to the point of beginning the measurement of defendants' parcel to be 867.2 feet. The latter measurement is .5 of a foot longer than the measured 866.7 feet shown on both the Dawson survey and plaintiffs' survey, and described in the conveyance as the measurement from the "corner" to the point of beginning.

Defendants' surveyor undertakes to explain the 33-feet difference by recalling that the right of way of a State highway was widened. Thus, the defendants' plat shows the defendants' east boundary is measured at 209.26 feet rather than the described 232.4 feet. That plat shows, however, that the right of way as it affects the respective parcels was widened 23.14 feet. The latter sums total 232.4 feet described as defendants' east boundary. He then measured the distance north to his "corner" as 601.24 feet. The sum of the latter measurements is 833.64 feet rather than the described 866.7 feet.

There being no satisfactory explanation of the variance in the measurements on defendants' plat from both the description in the conveyances and the other plats in evidence, it appears that defendants' survey failed to correctly locate the "corner" from which the measurements were made and that plaintiffs' survey more accurately sets forth the measured boundaries of the respective parcels of each party.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

SIMKINS and GREEN, JJ., concur.